UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEXIS CRAWFORD,

        Plaintiff,

v.

CITY OF LAKEWOOD, *et al.*,

        Defendants.

CASE NO. 3:20-cv-05088-BHS

REPORT AND RECOMMENDATION

NOTED FOR: April 10, 2020

Plaintiff's *in forma pauperis* ("IFP") application is before the Court on referral pursuant to 28 U.S.C. § 636 and this Court's Amended General Order 02-19.

Plaintiff, who is *pro se*, seeks to bring claims against the City of Lakewood and police chief Mike Zaro under 42 U.S.C. § 1983 for failure to investigate the alleged kidnapping of her girlfriend. However, plaintiff cannot bring a claim under § 1983 against police for failing to investigate her complaints. Further, her claim appears to be for intentional misrepresentation—a state law claim that cannot form the basis of her § 1983 action. Because amendment would be

REPORT AND RECOMMENDATION - 1

futile, the Court recommends that plaintiff's *in forma pauperis* action be denied, her complaint be dismissed without prejudice, and the case be closed.

## BACKGROUND

Plaintiff alleges that her father kidnapped her girlfriend in June 2016 and that in May 2018, her girlfriend called plaintiff to ask her to start a police investigation. Dkt. 1-1, at 7. In July 2018, plaintiff states that she emailed defendant Zaro and the mayor of Lakewood twice about the kidnapping but received no response. Dkt. 1-1, at 7. Eventually, plaintiff asserts, defendant Zaro falsely informed plaintiff that her girlfriend had been relocated with the assistance of a program that helped human trafficking victims. Dkt. 1-1, at 7.

In September 2018, plaintiff alleges that she learned from her girlfriend that she had not been in a victim program, after all, but that she had been victimized by plaintiff's father and that police officers—including defendant Zaro—had been complicit in her victimization. Dkt. 1-1, at 7. Plaintiff alleges that after she learned this, her father kidnapped her girlfriend again, and plaintiff contacted Clark County police. Dkt. 1-1, at 7. Defendant Zaro then allegedly stated that plaintiff's girlfriend was in a protection program and did not want to be found. Dkt. 1-1, at 7–8.

Based on these allegations, plaintiff brings a claim of "fraud" under § 1983 against the City of Lakewood and defendant Zaro, on the basis that he falsely represented to plaintiff that her girlfriend was in a human trafficking protection program when she was, in fact, being held against her will by her kidnapper. Dkt. 1-1, at 8. Plaintiff requests injunctive relief in the form of an "injunction to get a real police investigation started." Dkt. 1-1, at 8–9.

## DISCUSSION

Where, as here, a plaintiff seeks to proceed IFP, the Court has authority to *sua sponte* dismiss her complaint if it "fails to state a claim on which relief may be granted." *See* 28 U.S.C.

1  § 1915(e)(2)(B)(ii).  Although the Court must liberally construe a *pro se* complaint, it cannot

2  supply essential elements of a claim that were not pleaded.  *Ivey v. Bd. of Regents of Univ. of*

3  *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

4  It is well-settled that there is no viable § 1983 claim for allegations against police for

5  failure to investigate, such as plaintiff's allegations of failure to investigate her girlfriend's

6  kidnapping.  *See Gini v. Las Vegas Metropolitan Police Dept.*, 40 F.3d 1041, 1045 (9th Cir.

7  1994); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985).  "There is no statutory or

8  common law right, much less a constitutional right, to an investigation."  *Mitchell v. McNeil*, 487

9  F.3d 374, 378 (6th Cir. 2007); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)

10  (holding that a private citizen lacks a judicial cognizable interest in the prosecution or

11  nonprosecution of another).  Plaintiff's § 1983 claim is not cognizable.

12  Moreover, although her § 1983 claim is for "fraud," a violation of § 1983 requires a

13  violation of federal constitutional or statutory law.  *See* 42 U.S.C. § 1983; *Maine v. Thiboutot*,

14  448 U.S. 1, 4–5 (1980).  Fraud, as plaintiff alleges it here, is a state law claim—plaintiff alleges

15  the elements of fraud or intentional misrepresentation under Washington law.  *See Stiley v.*

16  *Block*, 130 Wn.2d 486, 505 (1996) (setting forth the elements of fraud).  She alleges that

17  defendant Zaro knowingly made false statements to her with the intent to mislead her so that she

18  would stop inquiring into her girlfriend's kidnapping, that she relied on these statements and

19  stopped inquiring, and that she suffered extreme emotional distress as a result.  *See* Dkt. 1-1, at 8.

20  Without any viable federal claim, plaintiff cannot bring this state law claim of fraud under §

21  1983.  *See* 28 U.S.C. § 1367.

22  Plaintiff has failed to state a viable claim under § 1983, even generously construing her

23  complaint.  Although the Court will generally offer a *pro se* plaintiff leave to amend, leave to

24

REPORT AND RECOMMENDATION - 3

1  amend will not be granted where amendment would be futile.  *See Chappel v. Lab. Corp. of Am.*,
2  232 F.3d 719, 725–26 (9th Cir. 2000).  Here, there is no viable civil rights claim for plaintiff's
3  allegation of failure to investigate, and her claim is a claim for relief under state law, not a §
4  1983 claim.  Therefore, the District Court should deny plaintiff's IFP application and dismiss this
5  matter without prejudice, without offering plaintiff an additional opportunity to amend her
6  proposed complaint.

## CONCLUSION

8  The District Court should deny plaintiff's IFP application, dismiss her complaint without
9  prejudice, and close this matter.

10  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
11  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
12  6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*
13  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
14  of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
15  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
16  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 10,**
17  **2020** as noted in the caption.

18  Dated this 25th day of March, 2020.

J. Richard Creatura
United States Magistrate Judge